IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WEISBROD MATTEIS & COPLEY, PLLC, as assignees of BRIGGS & MORGAN P.A., <br>    Plaintiff-Garnishor, <br><br> - and - <br><br> TOY QUEST, LTD., <br>    Intervenor Plaintiff, <br><br> v. <br><br> MANLEY TOYS LTD., <br>    Defendant-Judgment Debtor, <br><br> v. <br><br> MICHAELS STORES, INC., <br>    Garnishee. | CASE NO. 3:15-cv-01446-G-BF |

## GARNISHEE MICHAELS STORES, INC.'S
## MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Rule 59(e), Garnishee Michaels Stores, Inc. ("Michaels") files its Motion to Alter or Amend Judgment and respectfully shows the following:

1. On September 14, 2015, Plaintiff-Garnishor Weisbrod Matteis & Copley, PLLC ("Weisbrod") and Intervenor Plaintiff Toy Quest Ltd. ("Toy Quest") (collectively, Weisbrod and Toy Quest are the "Movants") filed a Joint Motion to Dismiss under Rule 41(a)(2) ("Joint Motion") seeking an order of this Court dismissing the above-styled action with prejudice.

2. In the Joint Motion, the Movants stated that they sought to effect a voluntary dismissal by stipulation pursuant to Rule 41(a)(1)(A)(ii), but that Garnishee Michaels Stores, Inc. ("Michaels") "refused to sign that stipulation." Dkt. No. 57 at 2. The Movants further noted in

the Joint Motion's Certificate of Conference that Michaels opposed the Joint Motion and would file a response. *Id.* at 3. Pursuant to Local Rule 7.1(e), where a motion is opposed, the opposing party has 21 days to file a response. L.R. 7.1(e).

3. However, one day after the filing of the Joint Motion, the Court entered an Order of Dismissal granting the Joint Motion in full, citing Rule 41(a)(2), and stating that "this case is DISMISSED with prejudice." *See* Dkt. No. 58.

4. Under Rule 41(a)(2), where a defendant has pleaded a counterclaim prior to the service of a motion to dismiss, "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." FED. R. CIV. P. 41(a)(2).

5. In its Original Answer filed on April 7, 2015, Michaels stated an affirmative claim for recovery of its costs, including but not limited to attorney's fees, which remained pending until entry of the Order of Dismissal. *See* Dkt. No. 6 at 2 ("Garnishee MICHAELS STORES, INC. prays that it be discharged from any liability under said Garnishment *with its costs and attorneys' fees of at least $5,500.00.*") (emphasis added). Michaels is entitled to recover these costs and fees as a garnishee under Texas Rule of Civil Procedure 677, which is applicable in state-law garnishment actions decided by federal courts. *See, e.g., Walker Int'l Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 416 (5th Cir. 2005).

6. Accordingly, in light of Michaels Rule 677 claim and Movants' admission that Michaels objects to the Joint Motion, the action can only be dismissed pursuant to Rule 41(a)(2) if Michaels claim for costs and fees remains pending for independent adjudication.

WHEREFORE, Michaels requests that the Court (1) alter or amend the Order of Dismissal to dismiss with prejudice only those claims brought by Weisbrod and Toy Quest while

reinstating the pending claim of Michaels for its costs and fees, and (2) grant any other and further relief to which Michaels may be entitled.

Respectfully submitted,

/s/ Steven J. Lownds
Steven J. Lownds
Texas Bar No. 12636800
slownds@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR GARNISHEE MICHAELS STORES, INC.**

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Michaels conferred with counsel for Weisbrod and counsel for Toy Quest via email on September 17, 2015, and both counsel opposed this motion.

/s/ Steven J. Lownds
Steven J. Lownds

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served electronically, via the CM/ECF system, upon all counsel of record on this 18th day of September, 2015, in accordance with the Federal Rules of Civil Procedure.

/s/ Steven J. Lownds
Steven J. Lownds