UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WEISBROD MATTEIS & COPLEY, PLLC, as assignees of BRIGGS & MORGAN P.A., )<br>)<br>)<br>)<br>    Plaintiff, )<br>)<br>AND )<br>)<br>TOY QUESTS, LTD., )<br>)<br>    Plaintiff Intervenor, )<br>)<br>VS. )<br>)<br>MANLEY TOYS, LTD., )<br>)<br>    Defendant, )<br>)<br>VS. )<br>)<br>MICHAEL STORES, INC., )<br>)<br>    Garnishee. ) | CIVIL ACTION NO.<br><br>3:15-CV-1446-G (BF) |

## MEMORANDUM OPINION AND ORDER

Before the court is the garnishee's motion to alter or amend judgment, under

Rule 59(e), FED. R. CIV. P. (docket entry 59). For the reasons discussed below, the

garnishee's motion is converted to a motion for attorney's fees, under Rule 54(d), FED. R. CIV. P., and, so converted, is granted.

## I. BACKGROUND

### A. Factual Background

The judgment creditor, Weisbrod Matteis and Copley PLLC ("Weisbrod" or "the judgment creditor"), filed this garnishment action against Michaels Stores Procurement Company, Inc. ("Michaels" or "the garnishee"). Application for Writ of Garnishment (docket entry 2). The judgment creditor possessed a valid, subsisting judgment entered originally in favor of Briggs and Morgan P.A. ("Briggs") against the judgment debtor, Manley Toys Ltd. ("Manley Toys" or "the judgment debtor"). *Id.* at 1. Briggs assigned to Weisbrod the right to the money judgment. *Id.* As of the commencement of this suit, Manley Toys had not paid the judgment. *Id.* Michaels owed money to Manley Toys, which Weisbrod sought to garnish. *Id.*

### B. Procedural Background

On February 13, 2015, the judgment creditor filed an application for a writ of garnishment against Michaels (docket entry 2). On April 7, 2015, the garnishee timely filed an answer, admitting that it owed the judgment debtor, Manley Toys, a specific sum of money (docket entry 6). In its answer, the garnishee included a request for attorney's fees. *Id.* at 1-2. Toy Quest Ltd. ("Toy Quest" or "the intervenor"), filed motions to dissolve the writ of garnishment (docket entry 9) and to

intervene (docket entry 16). The intervenor alleged that the garnishee owed money to it, rather than the judgment debtor, and that the judgment debtor is a separate entity. Toy Quest's Motion to Dissolve Writ of Garnishment ("Motion to Dissolve") at 3. In response, the judgment creditor contended that Manley Toys is Toy Quest and that Manley Toys does business in the United States under the Toy Quest name to evade a series of judgments against it. Weisbrod Response to Motion to Dissolve Writ of Garnishment ("Response to Motion to Dissolve") at 1 (docket entry 20). The judgment creditor argued that it can garnish money owed to Toy Quest to satisfy Manley Toys' debts because Manley Toys did business as Toy Quest. *Id.* at 20-22. In its reply, Toy Quest again urged that Michaels owes money to it and that the judgment creditor cannot garnish money from Toy Quest when the underlying judgment is against Manley Toys, an affiliated -- but separate -- entity. Toy Quest's Reply in Support of its Motion to Dissolve Writ of Garnishment (docket entry 27). When the parties had fully briefed the motion to dissolve the writ of garnishment, United States Magistrate Judge Paul D. Stickney scheduled a hearing on the motion (docket entry 55).

On September 14, 2015, the judgment creditor and the intervenor filed a joint motion to dismiss the writ of garnishment with prejudice because the judgment creditor and the intervenor had "fully and amicably resolved their dispute," the judgment creditor had "entered notices of satisfaction of the judgments at issue and

the writ of garnishment is now moot." Joint Motion to Dismiss at 1-2 (docket entry 57). The garnishee opposed the motion. *Id.* at 3. On September 15, 2015, this court granted the joint motion to dismiss and dismissed the action with prejudice. Order (docket entry 58).

On September 18, 2015, the garnishee filed the instant motion to alter or amend judgment (docket entry 59). The judgment creditor and the intervenor filed separate timely responses (docket entries 61 and 60, respectively). The garnishee served a timely reply (docket entry 62). The motion is now ripe for consideration.

## II.  ANALYSIS

The garnishee maintains that the judgment in this case should be amended to award it attorney's fees in accordance with Texas Rule of Civil Procedure 677. Michael's Motion to Alter Judgment ("Motion") ¶ 5. The garnishee claims that TEX. R. CIV. P. 677 entitles it to attorney's fees. *Id.*

The judgment creditor does not oppose amendment of the judgment to award attorney's fees to the garnishee. Weisbrod Response to Motion to Alter Judgment ("Weisbrod Response") at 1 (docket entry 61). It contends that any taxation of garnishee's attorney's fees, however, must be imposed on the judgment debtor/intervenor. *Id.*

The intervenor insists that the garnishee's motion to amend the judgment should be denied for four reasons. *See generally* Toy Quest Response to Motion to

Alter Judgment ("Toy Quest Response") (docket entry 60). First, the intervenor contends, FED. R. CIV. P. 41(a)(2) permitted the court to grant the joint motion to dismiss "on terms that the court considers proper" and therefore, the court should not revisit the decision now. *Id.* ¶ 8. Second, the intervenor argues that the garnishee did not have standing to prevent dismissal of the case because it was not a defendant but a third party garnishee. *Id.* ¶ 9. Third, the intervenor contends that the garnishee's request for attorney's fees was not asserted as a counterclaim, but even if it were, the claim was not sufficient under FED. R. CIV. P. 8. *Id.* ¶ 9-10. Fourth, the intervenor argues that the garnishee failed to comply with FED. R. CIV. P. 54(d)(2) in its request for attorney's fees. *Id.* ¶ 11.

A. <u>Legal Standards</u>

1. *Motion to Alter Judgment Standard*

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.* at 567-68. Some courts have found that a motion to alter or amend may also be granted if granting the motion is necessary to prevent manifest injustice. *Fresh*

*America Corporation v. Wal-Mart Stores, Inc.*, No. 3:03-CV-1299-M, 2005 WL 1253775, at *1 (N.D. Tex. May 25, 2005) (Lynn, J.).

2. *Motion for Attorney's Fees*

To be entitled to attorney's fees, a party must (1) request attorney's fees in its pleadings and (2) file a timely motion for attorney's fees under Rule 54(d)(2) within fourteen days after the entry of final judgment. *United Industries, Inc. v. Simon–Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996). Unless modified by statute or court order, a party's failure to file a timely motion for attorney's fees under Rule 54(d)(2) serves as a waiver of the request. *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998).

"It is a long-recognized principle that federal courts sitting in diversity [cases] 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). An award of attorney's fees is governed by state substantive law. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). A party seeking attorney's fees under Texas law in a diversity case must still follow federal procedural rules, like FED. R. CIV. P. 54(d)(2). *United Industries, Inc.*, 91 F.3d at 766; *Holloway v. Wells Fargo Bank, N.A.*, No. 3:12-CV-2184-G(BH), 2014 WL 1017056, at *2 (N.D. Tex. Mar. 17, 2014) (Fish, J.). Under Texas law, a party may recover

attorney's fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Automobile Insurance Company*, 344 S.W.3d 378, 382 (Tex. 2011) (internal citations omitted).

### 3. *Texas Rule 677*

TEX. R. CIV. P. 677 is applicable in state-law garnishment actions decided by federal courts. *Walker International Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 416 (5th Cir. 2005). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corporation*, 302 F.3d 448, 461 (5th Cir. 2002).

TEX. R. CIV. P. 677 provides:

> Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest.

"Costs" under TEX. R. CIV. P. 677 include attorney's fees. See *Buckeye Retirement Co., LLC, Ltd. v. Bank of America, N.A.*, 239 S.W.3d 394, 405 (Tex. App.--Dallas 2007, no pet.). Under TEX. R. CIV. P. 677, "(1) a garnishee who contests and loses cannot get attorney's fees, and (2) a garnishee who contests and wins must get attorney's fees." *Rowley v. Lake Area National Bank*, 976 S.W.2d 715, 724 (Tex. App.--Houston [1st Dist.] 1998, pet. denied). Under the third clause of TEX. R. CIV. P. 677, the trial

court has discretion to award attorney's fees to the garnishee. *Spector Gadon & Rosen, P.C. v. Southwest Securities, Inc.*, 372 S.W.3d 244, 250 (Tex. App.--Dallas 2012, no pet.).

B. <u>Application</u>

1. *This is not a motion to alter the judgment:*
*it is a motion for attorney's fees*.

The garnishee labeled this motion as a motion to alter or amend judgment. Motion at 1. In its response, the intervenor argued that the garnishee's motion to alter judgment should not be granted because the motion requested the case to be reopened solely to seek attorney's fees, and the garnishee needs to comply with FED. R. CIV. P. 54(d)(2) to obtain the relief it sought. Toy Quest Response at 4. The intervenor contends that the garnishee has waived its right to attorney's fees by not filing a motion to recover attorney's fees pursuant to Rule 54(d)(2). *Id.* In its reply, the garnishee, in the alternative, requests that the court construe its motion to alter or amend judgment as a motion for attorney's fees. Reply at 7.

"As an initial matter, it is important to make clear that the fact that [the garnishee] labeled its motion as a Rule 59(e) motion to alter or amend is immaterial; a motion's substance, and not its form, controls." *Moody National Bank of Galveston v. GE Life & Annuity Assurance Company*, 383 F.3d 249, 251 (5th Cir. 2004) (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)), *cert. denied*, 543 U.S. 1055 (2005). A motion to alter judgment requests that the court modify its

earlier judgment because the court made a "manifest error of law or fact" or the parties present newly discovered evidence that could not have been introduced before the judgment issued.  *Schiller*, 342 F.3d at 567.

The only request of the garnishee's motion is for attorney's fees pursuant to TEX. R. CIV. P. 677.  *See generally* Motion.  The garnishee does not contest the merits of the court's judgment, in which the court granted a joint motion for dismissal on the ground that the underlying judgment was satisfied.  Joint Motion for Dismissal at 1-2.  The substance of garnishee's motion is a motion for attorney's fees and not a motion to alter judgment.  See *Moody National Bank of Galveston*, 383 F.3d at 253 (holding that a motion for attorney's fees labeled as a motion to alter judgment under Rule 59(e) was a motion for costs under Rule 54(d)).  The court's judgment remains final and unaltered.  *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 452 (1982) (holding that a motion for attorney's fees "does not imply a change in the judgment, but merely seeks what is due because of the judgment") (internal quotations omitted); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-75 (1989).

To be entitled to attorney's fees, a party must (1) request attorney's fees in its pleadings and (2) file a timely motion for attorney's fees under Rule 54(d)(2) within fourteen days after the entry of final judgment.  *United Industries, Inc.*, 91 F.3d at 766.  The garnishee requested attorney's fees in its uncontested answer to the judgment

creditor's application for writ of garnishment. Answer at 1-2. An award of attorney's fees is a remedy, not a substantive cause of action. See, *e.g.*, *AMS Staff Leasing, N.A., Ltd. v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *1 n.2 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (citing *United States v. Smelser*, 87 F.2d 799, 800-01 (5th Cir. 1937)). In this circuit, attorney's fees are generally treated "as special damages that must be specifically pleaded under Federal Rule of Civil Procedure 9(g)." *United Industries, Inc.*, 91 F.3d at 764-65. FED. R. CIV. P. 9(g) provides that "[i]f an item of special damage is claimed, it must be specifically stated." The purpose of the rule is to avoid unfair surprise by informing the parties as to the nature of the damages claimed, and to inform the court of the substance of the claims. *Great American Indemnity Company v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962). The garnishee unequivocally requests attorney's fees in its answer, putting the other parties on notice. Answer at 1-2. Therefore, the intervenor's argument that the garnishee's claim for attorney's fees failed to meet the pleading requirements under Rule 8 is misplaced, for Rule 9(g), not Rule 8, governs a claim for attorney's fees. *United Industries, Inc.*, 91 F.3d at 764. The garnishee specifically states its request for attorney's fees in its answer, thus satisfying Rule 9(g). *Id.*; see also *HCC Aviation Insurance Group, Inc. v. Employers Reinsurance Corporation*, No. 3:05-CV-0744-M(BH), 2008 WL 850419, at *4 (N.D. Tex. Mar. 21, 2008) (Ramirez, Mag. J.).

Under FED. R. CIV. P. 54(d), a party seeking attorney's fees must file a motion for attorney's fees within 14 days of the final judgment. Here, the garnishee filed its motion to alter judgment on September 18, 2015, three days after this court rendered its final judgment on September 15, 2015. Motion ¶¶ 2-3. Since the substance, not the label, of a motion controls, this court interprets the garnishee's motion to alter judgment as a motion for attorneys' fees. *Edwards*, 78 F.3d at 995. A motion to alter or amend judgment under FED. R. CIV. P. 59(e) that does not disturb the merits of the court's judgment, but instead requests an allocation of costs, is treated as a motion for attorney's fees under FED. R. CIV. P. 54(d). *Moody National Bank of Galveston*, 383 F.3d at 253. Therefore, the garnishee's motion satisfies the second requirement under FED. R. CIV. P. 54(d)(2) because the motion requesting attorney's fees was filed within fourteen days of the final judgment.

The intervenor's arguments that this court should not revisit its decision and that the garnishee did not have standing to prevent dismissal of the case because it was a third party are moot because by converting the garnishee's motion to alter or amend the judgment to a motion for attorney's fees, the court does not disturb its prior judgment dismissing the case.

The substance of garnishee's motion for attorney's fees is governed by TEX. R. CIV. P. 677. See *Chevron USA, Inc.*, 689 F.3d at 505.

      2.  *In the court's discretion, the garnishee should be awarded attorney's fees*.

The garnishee contends that it is entitled, as a garnishee under Tex. R. Civ. P. 677, to recover its costs, including but not limited to attorney's fees.  Motion at 2. The judgment creditor does not oppose the garnishee's claim for attorney's fees, but contends that if the garnishee is to recover from any party, the garnishee must recover from the intervenor because the intervenor is the party that "contested" the garnishee's answer.  Weisbrod Response at 2-3.  The intervenor's arguments, which the court has already addressed, relate solely to procedural aspects of the garnishee's claim for attorney's fees, and the intervenor does not make any arguments relating to Tex. R. Civ. P. 677.  The garnishee contends that the court has discretion to impose costs on either the judgment creditor or the intervenor.  Reply at 3-4.

In construing Tex. R. Civ. P. 677, the term "costs" has consistently been interpreted to include attorney's fees. *Moody National Bank v. Riebschlager*, 946 S.W.2d 521, 525 (Tex. App.--Houston [14th Dist.] 1997, writ denied).  The first clause of Tex. R. Civ. P. 677 does not apply to the facts of this case because the garnishee was not discharged on its answer.  Discharge requires "(1) a denial that the garnishee is indebted to the defendant; (2) a denial that the garnishee has effects of the defendant; and (3) a denial of knowledge of third persons who may be indebted to the defendant or have effects of the defendant, or the names of such persons." *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713, 716 (Tex. Civ. App.--Dallas

1977, writ ref'd n.r.e.). The garnishee was not discharged upon filing its answer because it admitted that it was indebted to the judgment debtor. Answer at 1.

The second clause of TEX. R. CIV. P. 677 does not apply to the facts of this case because the intervenor controverted the garnishee's answer and the garnishee was not held upon its answer. *NCNB National Bank of South Carolina v. Northwest Bank*, No. 14-96-CV-00578, 1997 WL 399397, at *1 (Tex. App.--Houston [14th Dist.] July 17, 1997, no pet.) (not designated for publication) (where the garnishor agreed with answer of the garnishee and moved to take the agreed-upon money, the "answer was not controverted and [the garnishee] was held thereon"). Controvert means "to dispute or contest. . . to deny (as an allegation in a pleading) or oppose in argument." *Controvert*, BLACK'S LAW DICTIONARY, (9th ed. 2009) p.379. The intervenor intervened and disputed that the garnishee owed it money as an entity separate from the judgment debtor. Motion to Dissolve at 3. Since the garnishee's answer was not "uncontroverted," the second clause does not apply.

Therefore, the third clause controls the question of whether the garnishee should be awarded attorney's fees, and if so, from whom. See *Rowley*, 976 S.W.2d at 724. Texas state courts have construed the clause "the costs shall abide the issue of such contest" to mean that the garnishee recovers its costs, even though the answer was contested, where the garnishee was the prevailing party. *Id.*; *Carter v. Leiter*, 476

S.W.2d 461, 463 (Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.).  If the garnishee is not the prevailing party, it does not recover its costs.  *Rowley*, 976 S.W.2d at 724.

In this case, the garnishee did not deny that it was indebted to the judgment debtor, did not seek to prevent the judgment creditor from recovering its debt, and did not oppose the intervenor's intervention or the intervenor's motion to dissolve the judgment creditor's writ of garnishment.

The intervenor contested the garnishee's answer, and the judgment creditor and the intervenor completely briefed the intervenor's motion to dissolve the judgment creditor's writ of garnishment.  Motion to Dissolve; Weisbrod's Response to Motion to Dissolve (docket entry 20); Toy Quest's Reply in Support of its Motion to Dissolve (docket entry 27).  On the day of the hearing on the motion to dissolve, the intervenor and the judgment creditor settled their dispute and filed a joint motion for dismissal.  Joint Motion to Dismiss at 1-2.  The garnishee did not contest or defend or advocate for either side of the dispute.  Therefore, the garnishee is neither the prevailing nor the losing party to the disputed issue (*i.e.*, whether the garnishee was indebted to Manley Toys or Toy Quest).

The Texas Supreme Court has not previously decided whether a garnishee, which did not contest the garnishment, should be awarded attorney's fees where the judgment creditor and the intervenor contested an issue but then settled the issue before the court could resolve it.  "Where the issues involved are ones upon which the

state supreme court has not yet spoken, this Court is obligated to rule as it believes the high court would rule on the legal issues determining the outcome of this case." See *Phonetel Communications Inc. v. Tandy Corporation*, No. 4:00-CV-0443-E, 2001 WL 804062, at *4 (N.D. Tex. July 5, 2001) (Mahon, J.) (citing *Jackson v. Johns-Manville Sales Corporation*, 781 F.2d 394, 397 (5th Cir.) (en banc), *cert. denied*, 478 U.S. 1022 (1986)); see *Rogers v. Corrosion Products, Inc.*, 42 F.3d 292, 295 (5th Cir.) (the court "must make an *'Erie* guess' on how the [highest state] court would rule"), *cert. denied*, 515 U.S. 1160 (1995).

While this particular issue has not been addressed, Texas courts recognize that the district court has substantial discretion in awarding attorney's fees under the third clause of TEX. R. CIV. P. 677. *Spector Gadon & Rosen, P.C.*, 372 S.W.3d at 250.

In *Cantu v. Butron*, 905 S.W.2d 718, 720 (Tex. App.--Corpus Christi 1995, writ denied), where a garnishment action was dismissed as a result of intervening events, the court held that since TEX. R. CIV. P. 677 does not mandate an award of attorney's fees, "the matter [lay] within the discretion of the trial court." In *Cantu*, the judgment debtor filed a motion to dissolve the judgment creditor's writ of garnishment, and the court denied the motion. *Id.* at 719. The garnishee filed an answer requesting attorney's fees. *Id.* Then, one month after the answer was filed, the garnishee was discharged when the court that issued the underlying judgment approved the judgment debtor's *supersedeas* bond, which had the effect of suspending

the underlying judgment.  *Id.*  The court in the garnishment action ordered the judgment debtor to pay the garnishee's costs and attorney's fees.  *Id.*  The appellate court, under an abuse of discretion standard, affirmed the district court's award of attorney's fees against the judgment debtor, as a proper exercise of the court's discretion under the third clause of TEX. R. CIV. P.  677.  *Id.* at 720.

In *City National Bank of San Antonio v. Steadman*, 21 S.W.2d 23, 24 (Tex. Civ. App.--San Antonio 1929, no writ), the court held that a judgment creditor may not impose liability for costs on the garnishee by settling the case with the judgment debtors.  In *Steadman*, the district court held against the garnishee, which had denied possession of any funds belonging to the judgment debtors.  *Id.*  Three days before the garnishee appealed the matter, the judgment creditor and judgment debtor settled the underlying judgment and the judgment creditor executed a full release of judgment.  *Id.*  The court then held that the judgment creditor could not "by accepting payment of his judgment cast the costs" of the garnishment action on the garnishee.  *Id.*  The court imposed the costs incurred by the garnishee on the judgment creditor.  *Id.*

The primary issue in a garnishment suit is whether the garnishee is indebted to, or has in its possession effects belonging to, the judgment debtor.  *Buckeye Retirement Co., LLC*, 239 S.W.3d at 398-99.  Innocent garnishees are summoned into court by judgment creditors to pay the debts that the judgment debtor has failed to pay.  *Id.* at

399; *Phonetel Communications Inc.*, 2001 WL 804062, at *4 ("Innocent third-party garnishees frequently are drawn into garnishment proceedings at great expense of both time and money. . . ."). It is the policy of the rules regarding garnishments to compensate a garnishee who either prevails in a contest or does not contest its debt. *Rowley*, 976 S.W.2d at 724. In accordance with the aims of a garnishment proceeding, a garnishee should not be forced to pay its own attorney's fees where it timely files an answer admitting the debt and does not contest the garnishment proceeding.

Additionally, a judgment creditor should not bear the cost of the garnishee's attorney's fees where it sought a writ of garnishment against a proper garnishee and had to exert the time, effort, and expense to collect a judgment in arrears from the judgment debtor and/or intervenor. Like the judgment debtor in *Cantu*, 905 S.W.2d at 719, the judgment debtor here waited until after the garnishee was embroiled in the garnishment action and filed an answer before the judgment debtor addressed its underlying debt.

This case is distinguishable from *Steadman* because in *Steadman* the judgment creditor filed a garnishment action against a garnishee who was not in possession of funds or property owed to the judgment debtor. *See* 21 S.W.2d at 24. Here, the judgment creditor filed the action against a party which admitted owning money to the judgment debtor. *See* Answer at 1.

The key analysis in *Steadman* is that a garnishee should not have to absorb its costs where the judgment creditor and debtor settle the underlying case after the garnishment proceeding is instituted. 21 S.W.2d at 24. In its discretion, the court in *Steadman* imposed the garnishee's attorney's fees upon the judgment creditor. *Id.* The results in *Cantu* and *Steadman* persuade this court, in its discretion, to impose the garnishee's attorney's fees on the intervenor because the intervenor delayed in settling its debt from the underlying judgment until after the garnishee was obliged to answer.

Texas courts have held that if the judgment debtor is a party to the garnishment suit and unsuccessfully contests the garnishee's answer, the garnishee's attorney's fees are assessed against him. *May v. Donalson*, 141 S.W.2d 702, 706 (Tex. Civ. App.--San Antonio 1940, no writ); *Henry v. Insurance Company of North America*, 879 S.W.2d 366, 369 (Tex. App.--Houston [14th Dist.] 1994, no writ); *Campbell v. Stucki*, 220 S.W.3d 562, 568 (Tex. App.--Tyler 2007, no pet.). While the intervenor was not unsuccessful, it initiated the only contest in the proceeding and did not prevail in that contest. Without the intervenor's contest, the garnishee would have been held on its answer under the second clause of TEX. R. CIV. P. 677, and the judgment debtor/intervenor would have been assessed the costs. *See* Weisbrod Response at 2. In the court's discretion, and in accordance with the policy underlying garnishment actions, the court concludes that the garnishee's attorney's fees should

be assessed against the intervenor, Toy Quest, because the intervenor contested the garnishment suit, did not prevail on its contested motion to dissolve, and -- absent that contest -- neither the judgment creditor nor the garnishee would have had to pay the garnishee's attorney's fees under the second clause of TEX. R. CIV. P. 677.

This court concludes that the Texas Supreme Court would interpret TEX. R. CIV. P. 677 to authorize the court to impose the garnishee's reasonable attorney's fees upon the intervenor.

This court orders the garnishee to file a motion for reasonable attorney's fees, attaching an affidavit explaining the reasonable nature of the fees sought, in accordance with FED. R. CIV. P. 54(d)(2). As previously noted, state law controls both the award of and the reasonableness of fees awarded. *Mathis*, 302 F.3d at 461. In the absence of controverting evidence, the affidavit of counsel regarding attorney's fees will support the trial court's award of such fees. *Moody National Bank*, 946 S.W.2d at 525.

### III. CONCLUSION

The garnishee's motion to alter or amend judgment is **DENIED**. The garnishee's motion to alter or amend judgment is converted into a motion for attorney's fees and, so converted, the motion for attorney's fees is **GRANTED**. The garnishee is directed to file and serve a motion for reasonable attorney's fees, supported by the affidavit of counsel, within fourteen days of this date.

**SO ORDERED**.

December 3, 2015.

```
         _____
         A. JOE FISH
         Senior United States District Judge
```