UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WEISBROD MATTEIS & COPLEY PLLC, as assignees of BRIGGS & MORGAN, P.A.,** § § § | |
| Plaintiff, § | |
| v. § | |
| **TOY QUEST LTD.,** § | |
| Intervenor Plaintiff, § | |
| v. § | No. 3:15-CV-1446-G |
| **MANLEY TOYS LIMITED,** § | |
| Defendant, § | |
| v. § | |
| **MICHAELS STORES INC,** § | |
| Garnishee. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Garnishee Michaels Stores, Inc.'s Motion for Reasonable Attorney's Fees [D.E. 64]. This case was referred by the District Court to the United States Magistrate Judge for pretrial management through an order of reference and 28 U.S.C. § 636. Order [D.E. 19]. Based on the parties' briefing, the undersigned recommends as follows.

In its motion for attorneys' fees, Garnishee Michaels Stores, Inc. ("Michaels") requests attorney's fees in the amount of $39,670.55. Garnishee's Mot. [D.E. 64 at 1]. Michaels also asks that the Court award reasonable attorney's fees against Toy Quest, Ltd. ("Toy Quest") and Manley Toys, Ltd. ("Manley Toys") jointly and severally. *Id.* [D.E. 64 at 2]. Toy Quest responds that "Michaels seeks to recover an unreasonably excessive amount of fees" and holding Toy Quest and Manley Toys, Ltd. "jointly and severably liable would be improper as a matter of law." Intervenor's Resp. [D.E. 65 at 1, 3].

1

Regarding the unreasonably excessive fees, Toy Quest argues they are too high for several reasons *See id.* [D.E. 65 at 3-4]. First, Toy Quest states that it "was unnecessary for Michaels to staff this matter with three different outside lawyers . . . and a paralegal[.]" *Id.* [D.E. 65 at 3]. Second, that "it was unnecessary for Michaels to spend several hours and thousands of dollars conducting legal research on the Judgment and Creditor's and [Toy Quest's] competing claims to the attached funds" and correspond with the Judgement Creditor's counsel. *Id.* [D.E. 65 at 3]. Third, Toy Quest argues that Texas Rule of Civil Procedure 677 ("Rule 677"), Michaels basis for recovering attorney's fees, "is limited to [Michaels] participation in the garnishment proceeding[,]" not the entirety of Michaels actions related to the case. *Id.* [D.E. 65 at 3-4]. Michaels replies that "subsequent case law determines what 'costs' are recoverable under Rule 677." Garnishee's Reply [D.E. 67 at 2]. Michaels also replies that "Toy Quest offers only the unsupported assertion that these fees are unreasonably high," and Michaels did not have the option to ignore Garnishor Weisbrod Matteis & Copley, PLLC's ("Weisbrod") subpoena. *Id.* [D.E. 67 at 3]. Michaels also states that its actions were necessary to "ensur[e] the security and confidentiality of any documents produced." *Id.* [D.E. 67 at 3].

**ATTORNEY'S FEES SPECTRUM**

The District Court determined that the third clause in Rule 677 "controls the question of whether [Michaels] should be awarded attorney's fees," Mem. Op. [D.E. 63 at 13]. The District Court also determined that Michaels is entitled to attorney's fees. *Id.* [D.E. 63 at 19]. However, as the parties' briefing indicates, the District Court did not indicate the extent to which Rule 677 applies to the recovery of attorney's fees. *See id.* [D.E. 63].

The third clause of Rule 677 states "where the answer is contested, the costs shall abide the

issue of such contest." TEX. R. CIV. P. 677. Beyond this, "the statute does not speak in express terms" regarding whether attorney's fees are recoverable only for the answer or the entire action. *Walker Int'l Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 471 (5th Cir. 2005). Furthermore, "[t]here appears to be an absence of authoritative Texas case law on this precise issue." *Id.* at 418. However, the Fifth Circuit has "decline[d] to read Texas law as holding that a garnishee who prevails after becoming an active litigant is limited by Rule 677 to recovering costs and fees only for the expense of filing an answer . . . ." *Id.* In *Walker*, the court held that a "district court act[s] within its authorized discretion in awarding attorney's fees and costs for the entire litigation." *Id.* Based on the Fifth Circuits interpretation of Rule 677, the undersigned recommends that District Court award attorney's fees for the entire litigation. *See id.*

## ATTORNEY'S FEES

In determining the reasonableness of attorney's fees related to Rule 677, federal courts use Texas case law as the guiding rule and principle. *Id.* at 419. The Supreme Court of Texas instructs courts to consider the following factors when determining the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (quoting TEX. R.

OF PROF'L CONDUCT 1.04(b)). "[T]he party applying for the award bears the burden of proof." *Sullivan v. Abraham*, No. 14-0987, 2016 Tex. LEXIS 315 at *4 (Tex. Apr. 15, 2016) (quotations omitted). "The proof must be sufficient to permit a court to perform a meaningful review of their fee application." *Id.* (quotations omitted). This proof includes "evidence of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (per curiam). On the other hand, generalities "without any evidence of the time spent on specific tasks" is insufficient for a court to conduct a meaningful review of the fee application. *Sullivan v. Abraham*, 2016 Tex. LEXIS 315 at *4 (quoting *Long*, 442 S.W.3d at 255-56). When considering an application, a court does not abuse its discretion when it bases its decision on conflicting evidence. *Spector Gadon & Rosen, P.C. v. Southwest Secs., Inc.*, 372 S.W.3d 244, 252 (Tex.App.–Dallas 2012, no pet.). "The amount and reasonableness of attorney's fees involves several intangible factors, and the trial court can draw on its own expertise in that decision-making." *Id.*

As stated earlier, Michaels seeks a total of $39,670.55 in attorney's fees. Garnishee's Mot. [D.E. 64 at 1]. Michaels provides an affidavit and billing invoices as evidence. *See Sullivan v. Abraham*, 2016 Tex. LEXIS 315 at *4. These invoices provide summaries "of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *See Long*, 442 S.W.3d at 255. Part of the fee amount requested includes $2,500.00 for filing the present motion and a reply. Aff. Steven Lownds [D.E. 64-1 at 8]. The rates for Michaels attorneys and paralegal are as follows: Steven J. Lownds, $375.00 per hour; Britton D. McClung, $225.00 per hour; Megan A. Johnson, 265.00 per hour; and Cheryl Morris, $135.00 per hour. *Id.* [D.E 64-1 at 6-7]. The hours billed by each attorney and paralegal are as follows: Steven

J. Lownds, 35.8 hours; Britton D. McClung, 82.2 hours; Megan A. Johnson, 7.2 hours; and Cheryl Morris, 20.5 hours. *See* Invoices. [D.E. 64-1 at 12-28]. Multiplying the hourly rate by the hours billed produces the following amounts: Steven J. Lownds, $13,425.00; Britton D. McClung, $18,495.00; Megan A. Johnson, $1,908.00; and Cheryl Morris, $2,767.50. These amounts tallied equal $36,595.50. When the $2,500.00 sought for the filing of this present motion is included, the total rises to $39,095.50. This total is $575.05 less than what Michaels has requested. *See* Garnishee's Mot. [D.E. 64 at 1]. The Court finds that the brunt of this discrepancy[1] can be attributed to the discounted rates of Steven J Lownds and Cheryl Morris not being applied in the first two invoices. *See* Invoices [D.E. 64-1 at 12-14].

After reviewing the invoices, hourly rates, hours billed, drawing on its own experience, and applying the factors prescripted by the Supreme Court of Texas, the undersigned finds all of the rates to be reasonable. *See Arthur Andersen & Co.*, 945 S.W.2d at 818; *Southwest Secs., Inc.*, 372 S.W.3d at 252. Therefore, the undersigned recommends that the District Court award the Garnishee Michaels $39,095.50 in reasonable attorney's fees.

## JOINT AND SEVERAL LIABILITY

Regarding Michaels' second request, the District Court has already "conclude[d] that . . . [Michaels] attorney's fees should be assessed against the intervenor, Toy Quest[.]" Mem. Op. [D.E. 63 at 18-19]. The District Court ordered that Michaels file a motion for those attorney's fees. *Id.* [D.E. 63 at 19]. However, that order does not address the fees being taxed against Toy Quest and Manley Toys, Ltd, jointly and severally. *See id.* [D.E. 63]. Therefore, the undersigned recommends that Michaels' request for Toy Quest and Manley Toys to be held jointly and severally liable for

---

[1] The Court attributes the remaining $8.05 to typographical error.

Michaels' attorney's fees be **DENIED**.

## CONCLUSION

Based on the reasoning stated above, the undersigned recommends that Garnishee Michaels Stores, Inc. be awarded attorney's fees in the amount of $39,095.50. The undersigned also recommends that the Garnishee Michaels Stores, Inc's request that Toy Quest, Ltd. and Manley Toys, Ltd. be held jointly and severally liable for the attorney's fees be denied.

**SO RECOMMENDED**, this 3rd day of May, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings,

conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).